## SLEPSKI v STATE OF FLORIDA
## Case No. 90-17AC (Lower Court Case No. 89-8903MM10)
Seventeenth Judicial Circuit, Broward County
November 15, 1991

### APPEARANCES OF COUNSEL

**Mardi Levey Cohen, Esquire,** for appellant.

**Lewis Michael, Esquire,** Assistant State Attorney, for appellee.

Before BARRY E. GOLDSTEIN, Circuit Judge.

### OPINION OF THE COURT

THIS CAUSE having come before the Court on Appellant's, Mark

Slepski's, appeal from a judgment entered in the County Court and the Court having reviewed both Appellant's Brief and Appellee's Brief hereby makes the following conclusions of fact and law:

## STATEMENTS OF FACT

Appellant, Slepski, was charged with driving under the influence of an alcoholic beverage. Prior to trial Appellant filed a Motion to Suppress the video tape portion regarding Miranda rights contending that his 6th Amendment right to counsel was violated. Following a hearing, the Motion was denied by the County Court Judge. After a jury trial on February 5 and 6, Appellant was sentenced to six (6) months probation, fined $250.00 and had his license suspended for six (6) months. This is an appeal from a guilty verdict entered in the County Court on February 7, 1990.

## ANALYSIS OF LEGAL ISSUES

1. On appeal, Slepski argues that the trial court erred in failing to grant Appellant's Motion to Suppress, thereby, admitting into evidence his videotaped confession, which the police obtained only after Slepski clearly and unequivocally invoked his right to counsel.

2. It is clear from the opinion of the United States Supreme Court in *Smith v Illinois,* 469 U.S. 91, 105 S.Ct. 490, 83 L.Ed.2d 488 (1984), that when the suspect clearly and unequivocally request an attorney, the police can not continue interrogation until counsel is present. The United States Supreme Court held that:

> Once warnings have been given, the subsequent procedure is clear. If the individual indicates in any manner, at any time prior to or during questioning, that he wishes to remain silent, the interrogation must cease . . . If the individual states that he wants an attorney, the interrogation must cease until an attorney is present. *Miranda v Arizona,* 384 U.S. 436, 473-74, 86 S.Ct. 1602, 1603, 16 L.Ed.2d 694 (1966).

3. If an accused's asserted request for counsel is ambiguous or equivocal the court can resolve the conflict by examining the ambiguities that either "(1) precede an accused's purported request for counsel, or (2) are part of the request itself." *Smith v Illinois, supra* at 493.

4. In the instant case, Slepski's Miranda warnings and his responses were as follows:

CSA SLATTERY: Mr. Slepski, I'm going to read you your

Miranda warnings, better known as your rights. You have

the right to remain silent. Do you understand?

MR. SLEPSKI: I correctly do.

CSA SLATTERY: Anything you say can and will be used against you in a court of law. Do you understand?

MR. SLEPSKI: I correctly do.

CSA SLATTERY: Anything you say can and will be used against you in a court of law. Do you understand?

MR. SLEPSKI: No problem.

CSA SLATTERY: you have the right to talk to a lawyer and have him present with you while you're being questioned. Do you understand?

MR. SLEPSKI: Sure, no problem.

CSA SLATTERY: If you cannot afford to hire a lawyer one will be appointed to represent you before any questioning if you wish. Do you understand?

MR. SLEPSKI: Well, I'll take the attorney then.

5. None of the Slepski's previous statements might have cast doubt on the meaning of his statement "Well, I'll take the attorney then." Furthermore, there is nothing inherent in the nature of Slepski's actual request for counsel that reasonably would have suggested ambiguity or equivocation.

6. The accused's post-request responses can only be admitted if the court finds that he (a) initiated further discussions with the police, and (b) knowingly and intelligently waived the right he had invoked. *Edwards v Arizona,* 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981). In the present case, CSA Slattery initiated further questioning of Slepski by stating "Alright and understanding these rights and knowing that you do not have an attorney present here, would you be willing to answer some questions now?" Moreover, Slepski's response "Depending what the questions are?" does not constitute knowing and intelligent waiver of the right to counsel.

7. As such, Slepski's statement "Well, I'll take the attorney then" constitutes a clear and unequivocal request for counsel, therefore, any further questioning by CSA Slattery should have been terminated.

8. Slepski further argues that the trial court committed reversible error in admitting into evidence his videotaped confession which was obtained only after he unequivocally invoked his right to counsel.

9. A review of the record in this case leads this Court to conclude that the error arising from the improper admission of the videotape is harmless. The law is well settled that incorrectly admitted evidence is deemed harmless and may not be grounds for reversal if, upon review of the record, it can be concluded beyond a reasonable doubt that there is no reasonable possibility that the erroneous admission of evidence affected the verdict. *Erickson v State,* 565 So.2d 328, 335 (Fla. 4th DCA 1990). The Florida Supreme Court in *State v DiGuilio,* 491 So.2d 1129 (Fla. 1986), held that application of the harmless error test "requires an examination of the entire record by the appellate court including a close examination of the permissible evidence on which the jury could have legitimately relied, and in addition an even closer examination of the impermissible evidence which might have possibly influenced the jury verdict." *DiGuilio, supra* at 1135.

10. In the case *sub judice,* Slepski's only incriminating statements on the videotape were that he had consumed whiskey and soda and that he had been driving. At trial, Officer Matthew Gorman testified that he observed Mr. Slepski driving a vehicle and failing to maintain a single lane and upon such observation effected a traffic stop of Mr. Slepski. The identity of Mr. Slepski was stipulated to by the defense at trial. Slepski was thereafter administered the breath test by CSA Gene Slattery, the results of which were admitted into evidence during trial and being considerably above 0.10, were substantial proof of intoxication and therefore, alcohol consumption. The impermissibly admitted videotape evidence was therefore merely redundant evidence of Mr. Slepski's driving and alcohol consumption. As such, the admission of Slepski's videotaped statement was harmless in light of the overwhelming evidence of his guilt and there is no reasonable possibility that the erroneous admission of evidence affected the jury verdict and contributed to the conviction.

Based on the foregoing, it is

ORDERED AND ADJUDGED that the judgment of the trial court is hereby AFFIRMED.

DONE AND ORDERED in chambers at Fort Lauderdale, Florida on this 15th day of November, 1991.